# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
MAIK LANKAU, :
:
:
                   Plaintiff, :
:  Case No.: 16-cv-08690
    -against- : (RWS)(KNF)
:
LUXOFT HOLDING, INC. and LUXOFT :
USA, INC. :
:
                 Defendants. :
------------------------------------------------------------- x

# MAIK LANKAU'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENMTS TO LUXOFT HOLDING, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Maik Lankau. hereby requests that Luxoft Holding, Inc. produce for inspection and copying the following documents at the offices of Taylor & Cohen LLP, 40 Worth Street, 10th Floor, New York, New York, 10013 no later than August 21, 2017.

## DEFINITIONS

The following definitions apply to the Instructions and Document Requests enumerated below and are deemed incorporated therein:

1. The term "communication" is defined as set forth in in Rule 26.3(c)(1) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules").

2. The term "Complaint" means the complaint in the above-captioned matter.

3. The term "concerning" is defined as set forth in Local Civil Rule 26.3(c)(7).

4. The term "document" is defined as set forth in Federal Rule of Civil Procedure 34(a) and in Local Civil Rule 26.3(c)(2).

5. The term "Employment Agreement" means the document that is attached to the Complaint as Exhibit 1.

6. The phrase "to identify," as it applies to persons or documents, respectively, is defined as set forth in Local Rules 26.3(c)(3) and (4).

7. The term "Lankau" means Maik Lankau, the plaintiff in the above-captioned matter.

8. The term "person" is defined as set forth in Local Civil Rule 26.3(c)(6).

9. The term "Position" means the job of Managing Director – Telecommunications and Embedded Systems, as described in Exhibit 1 to the Complaint.

10. The term "SOP III" means the equity compensation plan described in Luxoft's July 29, 2016 Form 20-F filing with the U.S. Securities and Exchange and referenced throughout the Complaint.

11. The terms "you," "your," and "Luxoft" are defined in accordance with Local Civil Rule 26.3(c)(5) to mean Luxoft Holding, Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, and representatives or agents.

## INSTRUCTIONS

The following instructions apply to each of the document requests set forth herein, and are deemed to be incorporated in each of them:

1. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators or by your attorneys or their agents, employees, representatives or investigators.

2. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a responsive document in its own right and must be produced.

3. If any documents requested herein have been lost, discarded, destroyed or are otherwise no longer in your possession, custody or control, or have been transferred voluntarily or involuntarily to another person or persons or otherwise disposed of, they shall be identified as completely as possible, including information necessary to identify the document and the following information: (a) the date of and reason for disposal or transfer; (b) the manner of disposal or transfer; (c) the person authorizing the disposal or transfer; and (d) the person disposing of or transferring the document.

4. The terms defined above and the individual requests for production and inspection should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specified definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

6. In accordance with Local Civil Rule 26.3(d)(1), the terms "all," "any," and "each" shall each be construed as encompassing any and all.

7. In accordance with Local Civil Rule 26.3(d)(2), the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. In accordance with Local Civil Rule 26.3(d)(3), the use of the singular form of any word includes the plural and vice versa.

9. If you assert a timely objection to any portion of a request, definition or instruction, provide a response to the remaining portion.

10. If you withhold production of any document or portion of any document responsive to these requests based upon any privilege, the provisions of Local Civil Rule 26.2 shall apply. Specifically, you are to provide the following information for each document or portion of any document withheld:

    i.  The privilege or privileges being asserted as the basis for withholding production;

    ii.  The type of document, *e.g.*, letter or memorandum;

    iii.  The general subject matter of the document;

    iv.  The date of the document; and

    v.  The author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

  11.  All documents shall be produced in accordance with the provisions and procedures contained in the Parties' Agreement Regarding Electronically Stored Information and the Production of Documents.

  12.  Unless otherwise stated herein, all documents requested are for the period commencing May 1, 2014 through the present.

  13.  These document requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if you (or any person acting on your behalf) obtain additional information called for by the request between the time of the original response and the time set for trial.

## **DOCUMENT REQUESTS**

  1.  All documents concerning Luxoft's recruitment of Lankau. This request includes, but is not limited to: communications concerning Lankau with recruiters and other agents and representatives of Luxoft involved in the recruitment process; internal communications concerning Lankau's candidacy for

the role of Managing Director – Telecommunications and Embedded Systems; and communications between you and Lankau concerning his potential employment by Luxoft.

  2. All documents concerning compensation (including equity compensation) and benefits related to the Position.

  3. All documents concerning the terms of Lankau's employment by Luxoft. This request includes, but is not limited to, communications with Lankau before and after his hiring concerning the compensation (including equity compensation) and benefits he would receive, or should expect to receive, in connection with his employment by Luxoft.

  4. All documents concerning the Employment Agreement. This request includes, but is not limited to, documents and communications concerning any drafts of the Employment Agreement and any interpretation of the terms of the Employment Agreement.

  5. All documents concerning Lankau's participation in, or eligibility to participate in, any of Luxoft's equity compensation plans, including without limitation SOP III. This request includes, but is not limited to, communications concerning Lankau's entitlement to or eligibility to receive equity compensation and communications concerning whether to grant equity compensation to Lankau.

  6. All documents concerning any Luxoft employee's participation in, or eligibility to participate in, SOP III.

7. All documents concerning the criteria or requirements for a Luxoft employee's participation in, or eligibility to participate in, SOP III.

8. All documents concerning any decision, action, or vote taken by the board of directors (including, but not limited to, any committee of the board or subcommittee thereof) of Luxoft concerning any Luxoft employee's participation in, or eligibility to participate in, SOP III.

9. Documents sufficient to show the following:

   a. All employees of Luxoft who received a grant of equity compensation under SOP III from November 11, 2014 through December 31, 2016.

   b. For each individual identified in 7(a):

      i. The individual's job title at the time the initial grant of the equity compensation was made; and

      ii. The date or dates of the grant(s) of equity compensation.

      iii. For each grant of equity compensation, the total number and type of such compensation (examples include, but are not limited to, stock options and restricted stock units).

10. All documents concerning any review or evaluation of Lankau's performance as an employee of Luxoft.

11. All documents concerning Lankau's termination of employment with Luxoft. This request includes, but is not limited to, documents concerning discussions of the reasons for Lankau's termination and the timing of the decision to terminate his employment.

7

12. All documents concerning the Confidential Separation Agreement and General Release sent via email from Natasha Ziabkina to Lankau on August 15, 2016.

13. All documents concerning any claims or complaints made by any present or former employee of Luxoft concerning such employee's participation in, or eligibility to participate in, SOP III.

14. Documents sufficient to show Luxoft's document retention policies from August 1, 2015 through the present.

15. All documents concerning Luxoft's efforts to preserve documents related to this litigation.

16. All Documents received by Luxoft in response to any document requests or subpoenas propounded by Luxoft in this case.

17. All Documents relied upon by Luxoft in drafting any answer to the Complaint.

18. To the extent Luxoft interposes any affirmative defenses in its answer to the Complaint, all documents relied upon by Luxoft in drafting such affirmative defenses.

19. To the extent Luxoft interposes any counterclaims when answering the Complaint, all documents relied upon by Luxoft in drafting such counterclaims.

New York, New York
Dated: July 20, 2017

_____
Robert Cohen
TAYLOR & COHEN LLP
40 Worth Street, 10th Floor
New York, New York 10013
Telephone:   (646) 527-7377
Facsimile:   (646) 439-9983

*Attorneys for Plaintiff Maik Lankau*

9