# EXHIBIT B

# TAYLOR & COHEN LLP

40 Worth Street, 10th Floor
New York, NY 10013
Tel  (646) 527-7377
Fax (646) 439-9983
www.taylorcohenllp.com

Rob Cohen
rcohen@taylorcohenllp.com

January 4, 2018

**<u>Via Email</u>**

Jordan D. Weinreich
Sherman Wells Sylvester & Stamelman LLP
210 Park Avenue
2nd Floor
Florham Park, NJ 07932

Re: *Lankau. v. Luxoft Holding, Inc. et al.*, No. 16 cv 08690

Jordan,

I write regarding Luxoft's December 29, 2017 re-production of certain documents as well as your January 3, 2018 letter.

The reproduction of documents is plainly inadequate. The documents, which now replace each individual's name with a unique generic identifier, must be reproduced without ***any*** redactions. Luxoft has provided no basis for its redactions – other than vague references to European privacy laws. Certainly, Luxoft has not provided any rationale as to why the documents, with a unique generic identifier replacing an individual's name, cannot be produced.

As for the January 3, 2018 letter, Luxoft's position is unacceptable. To repeat, Luxoft has made the argument that Mr. Lankau's participation in SOP III was subject to Board approval. Presumably, Luxoft will also take issue with the amount of damages claimed. Luxoft, therefore, has made relevant the circumstances surrounding each and every employee's participation in SOP III from November 14, 2014 through August 31, 2016.

To be clear, we are requesting all documents responsive to Requests Nos. 6 through 9 (inclusive) for each and every individual (whether located in the U.S. or abroad) who either (a) received a grant of equity compensation at any time from November 14, 2014 through August 31, 2016, or (b) was eligible to receive a grant of equity compensation under SOP III during this time period but did not receive any such

Jordan Weinreich
January 4, 2018

grant. (Individually, a "Relevant Employee," and collectively, "Relevant Employees"). These requests include the following documents:

1) All employment contracts that reference being eligible to receive equity compensation or being eligible to participate in an equity compensation plan

2) All email communications regarding the individual's participation in SOP III and/or granting of equity compensation under SOP III.

3) Any minutes or other similar recordings of any decision or discussion by the Luxoft Board (or a committee thereof) regarding an individual's participation in SOP III and/or granting of equity compensation under SOP III.

4) Any materials considered by the Luxoft Board (or a committee thereof) regarding an individual's participation in SOP III and/or granting of equity compensation under SOP III.

The search for such documents cannot be limited to Mr. Loschinin's email and documents. Based upon Luxoft's production to date. the search must *also* include the email and documents of the following persons:

a) each of the Relevant Employees.

b) Pavel Khristolubov

c) Michael Minkevich

d) Roman Yakushkin

e) Tetiana Novokhatska

f) Michael Friedland

g) Roman Trachtenberg

h) Andrey Kutsev

i) Alexey Tsiklaur

Finally, Mr. Lankau would except, in lieu of responses to interrogatories No. 6 and 7, a list of containing the following for each Relevant Employee:

a) The name (if the Relevant Employee resides outside the U.S., a unique generic identifier may be used. To the extent an employee residing abroad is referenced in Luxoft's production, the same unique generic identifier used in the production should be used here).

(b) The position.

(c) The date of any grants of equity compensation under SOP III made at any time from November 14, 2014 through August 31, 2016.

(d) The specific number of RSU's, stock options or other equity granted.

2

Jordan Weinreich
January 4, 2018

I am available to discuss any time today.

Regards,

Rob Cohen