# EXHIBIT C



**Jordan D. Weinreich**
Partner
Direct: 973.302.9695
jweinreich@shermanwells.com

January 12, 2018

**By Email**

Robert Cohen, Esq.
Taylor & Cohen LLP
40 Worth Street, 10th Floor
New York, New York 10013

**Re:** *Lankau v. Luxoft Holding, Inc. and Luxoft USA, Inc.*
**Case No. 16-cv-08690-RWS**

Dear Rob:

I am writing on behalf of Luxoft Holding, Inc. and Luxoft USA, Inc. (collectively, "Defendants") to follow-up on our call of yesterday evening and in further response to your January 4, 2018 letter and your follow-up email, in which you proposed to limit discovery regarding SOP III participants to only those employees at the managing director (MD) level or equivalent. For the reasons discussed below, we cannot agree to your proposal in its entirety. Please note that this letter supersedes my letter of January 3, 2018.

As we discussed, more than a dozen of the MD-level employees reside and work in the European Union and Switzerland, where privacy laws severely restrict Defendants' ability to release personal information pertaining to its employees. Such personal information includes, but is not limited to, employment terms, such as compensation. I have been advised that simply redacting names may not be sufficient to avoid violating applicable law, and that the release of information that could be used to identify such employees, when coupled with personal information, could have severe consequences for the Defendants. In addition to those individuals employed in the EU and Switzerland, at least one additional MD-level employee resides in Russia and another one in Ukraine. We have been advised that Russia's privacy laws are similarly restrictive and apparently require the consent of an employee prior to the release of any personal information. We are currently confirming whether similar restrictions apply under Ukrainian law.

Given the significant risk of running afoul of the applicable privacy laws, the burden involved in redacting any responsive documents to comply with privacy laws (which in addition to taking substantial time, and therefore cost, would likely render the documents useless), the likelihood that many of the documents will contain communications in languages other than English, and the sheer number of employees involved, Defendants must maintain their objections to producing documents in response to Plaintiff's discovery

Robert Cohen, Esq.
January 12, 2018
Page 2

requests, including, but not limited to, Plaintiff's Request Nos. 6-9, to the extent such requests seek documents concerning individuals employed outside of the United States.

However, subject to and without waiving their prior objections, Defendants are willing to produce documents responsive to Plaintiff's Request Nos. 6-9 with respect to those MD-level employees who work and reside in the U.S. (and, if local law permits, the Ukrainian employee). In that regard, subject to a mutually agreeable search protocol, Defendants will undertake a search of the email boxes of these MDs, as well as the eight individuals identified in your January 4, 2018 letter (*i.e.*, Pavel Khristolubov, Michael Minkevich, Roman Yakushkin, Tetiana Novokhatska, Michael Friedland, Roman Trachtenberg and Andrey Kutsev and Alexey Tsiklaur).

Please advise whether this proposal is acceptable.

\*            \*            \*

Please be advised that, to the extent not otherwise set forth herein, Defendants deny that their respective responses to Plaintiff's discovery requests were in any way deficient. Please be further advised that nothing contained herein is intended to waive and/or release any of Defendants' rights, remedies, defenses and/or objections at law or equity, all such rights, remedies, defenses and objections being hereby expressly reserved.

Best regards,

*Jordan*

Jordan D. Weinreich

4825-9480-3802, v. 1