UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

MAIK LANKAU,

                Plaintiff,            16 Civ. 8690

    -against-                   OPINION

LUXOFT HOLDING, INC. and LUXOFT
USA, INC.,

                Defendants.

-------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        TAYLOR & COHEN LLP
        40 Worth Street, 10th Floor
        New York, NY 10013
        By:  Zachary Taylor, Esq.
            Robert Cohen, Esq.

        Attorneys for Defendants

        SHERMAN WELLS SYLVESTER & STAMELMAN LLP
        1185 Avenue of the Americas, 3rd Floor
        New York, NY 10036
        By:  Jordan Weinreich, Esq.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED:

**Sweet, D.J.**

The plaintiff Maik Lankau ("Lankau" or the "Plaintiff") has moved pursuant to Rule 37 F. R. Civ. P. to compel the Luxoft Holding, Inc. and Luxoft USA, Inc. ("Luxoft" or the "Defendants") to answer Plaintiff's Interrogatories 8 and 9(a). The motion was marked fully submitted on July 25, 2018. Because the interrogatories are not unduly oppressive, the motion to compel is granted.

The Defendants have moved pursuant to the protective order for the return of two documents on the grounds of inadvertent production of privileged documents. The documents at issue are part of an email chain.

On June 8, 2018, Defendants made production of documents, consisting of 34 emails and attachments totaling 175 pages. The text of nearly every email was redacted in full, with the exception of two iterations of an email string. Both iterations of this email string were produced without any redactions.

On June 13, 2018, counsel for Plaintiff wrote to
Defendants' counsel, Jordan Weinreich ("Weinreich") identifying
these two documents by their Bates numbers and requesting the
removal of their confidentiality designations so that Plaintiff
could file them on ECF in support of the present motion to
compel. Weinreich responded in writing that he would review the
documents and review concerning the confidentiality
designations.

On June 14, 2018, Weinreich wrote agreeing to remove
the confidentiality designations from the two documents.

On June 27, 2018, Plaintiff filed the present Motion
to Compel. As part of its submission, Plaintiff attached the
emails in reliance on Weinreich's consent to file them publicly.
On July 2, 2018, Weinreich asserted that the documents whose
confidentiality designations he had previously withdrawn were
privileged.

Voluntary disclosure of communications protected by
the attorney-client privilege results in waiver of a claim of
privilege as to those documents. See, e.g., *In re Steinhardt
Partners, L.P.*, 9 F.3d 230, 235 (2nd Cir. 1993); *U.S. v. Gangi*,
1 F. Supp.2d 256, 263 (S.D.N.Y. 1998) ("Even privilege documents

4

are not protected if a party discloses them."). When a party
contends that the inadvertent production of a document should
not result in waiver, the court applies a four-factor balancing
test that was originally set forth. In *Lois Sportswear, U.S.A.,
Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103 (S.D.N.Y. 1985):

> (1)   the reasonableness of the precautions
> taken to prevent inadvertent disclosure;
>
> (2)   the time taken to rectify the error;
>
> (3)   the scope of the discovery and the
> extent of the disclosure before their return is
> sought; and
>
> (4)   "overreaching" issues of fairness.

The Defendants have not described any procedures h put
in place to ensure that privileged materials would not be
inadvertently produced. When Plaintiff identified the emails by
Bates number and requested that the confidentiality designation
be removed so they could be publicly filed. By agreeing,
Defendants have waived their privilege over the emails. See,
e.g., *S.E.C. v. Cassano*, 189 F.R.D. 83, 86 (S.D.N.Y. 1999)
("Although the SEC acted promptly once it determined that the
document had been produced, a factor cutting in its favor, the
time taken to rectify the error, in all the circumstances, was
excessive. There was no excuse for waiting 12 days to find out

5

what the document was.") *J.P.Morgan Chase & Co.*, No. 08 Civ. 2400, 2009 WL 970940, at *6 (S.D.N.Y. April 10, 2009) ("[F]from the December 2009 date when Defendant learned (or ... should have learned) of the email's disclosure, Defendant took an inexplicably long time to demand its destruction or return." See also *LaSalle Bank Nat. Ass'n v. Merrill Lynch Mortg. Lending, Inc.*, No. 04 Civ. 5452, 2007 WL 2324292, at *5 (S.D.N.Y. Aug. 13, 2007) ("This is not a case in which defense counsel acted in a prompt fashion—i.e., within a day or two—as to warrant a finding of no waiver."). Under these circumstances the privilege has been waived and the emails will not be returned.

The Plaintiff has also moved to file his First Amended Complaint following certain discovery testimony. The motion is granted.

It is so ordered.

**New York, NY**
**February** ) **, 2019**

ROBERT W. SWEET
U.S.D.J.